UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8694 DMG (PVC)                                    Date:  October 5, 2020

Title   Travis D. Arnold v. Felipe Martinez, Jr., Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED FOR LACK OF JURISDICTION**

On August 4, 2020, Travis D. Arnold, ("Petitioner"), a federal prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2241.[1]  ("Petition," Dkt. No. 1).  The Petition arises from Petitioner's bank robbery conviction on December 22, 2008 in the United States District Court for the Middle District of North Carolina (the "District Court").  *See United States of America v. Travis Denorris Arnold*, D. M.D. N.C. Case No. CR 08-0322-1 ("*Arnold*") (Dkt. No. 48 (Verdict Sheet)).[2]  The Court sentenced

---

[1] The Court received the Petition on September 22, 2020.  However, under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).  The proof of service reflects that Petitioner delivered the Petition to prison authorities for mailing on August 4, 2020, which the Court adopts as its constructive filing date.

[2] The Petition is not submitted on a § 2241 form and provides almost no information about Petitioner's prior criminal proceedings apart from the name of the District Court and the number of the case in which Petitioner was convicted.  (*See* Petition at 1).  While

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8694 DMG (PVC)                                         Date:  October 5, 2020

Title       Travis D. Arnold v. Felipe Martinez, Jr., Warden

Petitioner to a determinate term of 230 months.  (Dkt. No. 56 at 2 (Judgment); Dkt. No. 63 at 2 (Amended Judgment)).  The Fourth Circuit summarily affirmed Petitioner's conviction and sentence on May 13, 2010.  (Dkt. No. 76 at 1).  On November 16, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2555, (Dkt. No. 80), followed by an amended Motion on March 21, 2011.  (Dkt. No. 86).  On August 9, 2012, the District Court denied the § 2255 Motion as amended.  (Dkt. Nos. 115 & 116 (respectively, Order and Judgment)).

      Petitioner subsequently filed a second § 2255 Motion, which the District Court denied as successive on May 27, 2016.  (Dkt. No. 149).  However, on June 24, 2016, the Fourth Circuit granted Petitioner permission to file a second or successive § 2255 Motion to raise a claim under *Johnson v. United States*, 576 U.S. 591 (2015).[3]  (Dkt. No. 150).  In its order allowing Petitioner to file a successive motion, the Fourth Circuit cautioned that "the one-year limitations period of 28 U.S.C. § 2255(f)(3) for filing a § 2255 motion raising a claim relying on the Supreme Court's decision in *Johnson* expires on June 26, 2016" -- a mere two days after the court's order issued.  *Id.* at 1.  The District Court

---

the Petition could be subject to dismissal on that ground alone, the docket in *Arnold* sufficiently discloses Petitioner's prior criminal proceedings for purposes of this Order to Show Cause.  The Court takes judicial notice of Petitioner's criminal proceedings in the United States District Court for the Middle District of North Carolina and the Fourth Circuit Court of Appeals.  *See In re Korean Air Lines Co.*, *Ltd.*, 642 F.3d 685, 689 n.1 (9th Cir. 2011) (a court may take judicial notice of a court's own records in other cases and the records of other courts).  All docket number citations in this Order to Show Cause, apart from the initial citation to the Petition in this action, are to the District Court docket in *Arnold*.

[3] In *Johnson*, the Supreme Court concluded that the residual sentencing clause of the Armed Career Criminal Act of 1984 was unconstitutionally vague.  Under that clause, a defendant convicted of being a felon in possession of a firearm faced more severe punishment if he had three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."  *Johnson*, 576 U.S. at 606 (quoting 18 U.S.C. § 924(e)(2)(B)).  *Johnson* was held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8694 DMG (PVC)                                          Date: October 5, 2020

Title   Travis D. Arnold v. Felipe Martinez, Jr., Warden

denied Petitioner's Amended § 2255 Motion to Vacate raising his *Johnson* claim on June 23, 2017.  (Dkt. No. 158).

Petitioner filed yet another § 2255 Motion to Vacate on September 15, 2017, (Dkt. No. 159), which the District Court denied on October 30, 2017 as successive.  (Dkt. No. 162 (Judgment)).  On May 23, 2018, the Fourth Circuit denied Petitioner's motion for leave to file a second or successive petition.  (Dkt. No. 163).[4]  This Petition followed on August 4, 2020.

The instant Petition raises five grounds for federal habeas relief.  In Ground One, Petitioner contends that the prosecutor presented "false evidence & witness testimonies" to the grand jury to obtain an indictment.  (Petition at 2).  In Ground Two, Petitioner claims that the video evidence and percipient witness testimony upon which the prosecution relied did not identify him as the perpetrator.  (*Id.* at 3).  In Ground Three, Petitioner argues that he was "falsely" charged with "aiding and abetting himself."  (*Id.* at 3-4).  In Ground Four, Petitioner states that he designs weapons and weapons systems technology and that the FBI is improperly intercepting his mail in which he seeks to take his defense technology business to a foreign nation.  (*Id.* at 4).  In Ground Five, Petitioner asserts his right to apply for foreign citizenship.[5]  (*Id.* at 4-5).

---

[4] On April 3, 2019, Petitioner filed a motion for a sentence reduction under the First Step Act of 2018.  (Dkt. No. 166).  On August 16, 2019, the District Court denied the motion "without prejudice to Petitioner promptly filing a corrected motion on the proper § 2255 forms if he seeks to attack his sentence under that statute and receives permission to do so."  (Dkt. No. 172 (Judgment)).  Petitioner does not appear to have sought or obtained permission to file another § 2255 Motion.

[5] The Court notes that some of the Petition's claims do not appear to state cognizable habeas claims under § 2241.  A claim sounds in habeas if it "challenges the fact or duration" of a prisoner's confinement.  *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (former federal prisoner's claim should be construed as a "petition for habeas corpus under § 28 U.S.C. § 2241" to the extent that it "challenges the fact or duration of [the prisoner's] confinement").  In particular, Petitioner's claims concerning interference with his weapons designs correspondence and his right to pursue foreign citizenship

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8694 DMG (PVC)                                  Date:  October 5, 2020

Title   Travis D. Arnold v. Felipe Martinez, Jr., Warden

### A. The Petition Appears to Be a "Disguised" § 2255 Motion that May Be Heard Only in the Middle District of North Carolina

To determine if this Court has jurisdiction over Petitioner's claims, the Court must resolve whether the Petition is properly brought pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255. *See Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) ("[A] court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue."). If the Petition falls under § 2255, it must be brought before the sentencing court, which is the United States District Court for the Middle District of North Carolina. *See id.* ("§ 2255 motions must be heard in the sentencing court . . . ."). If the Petition falls under § 2241, it must be filed in the custodial jurisdiction, which is the Central District of California. *See id.* ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . .").

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

"Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention." *Hernandez*, 204 F.3d at 864-65 (internal quotation marks omitted); *see also* 28 U.S.C. § 2255(e) (an application for a writ of habeas corpus by a prisoner in federal custody must be presented to the sentencing court as a motion under § 2255 "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"). A remedy qualifies as inadequate or ineffective for purposes of § 2255's "escape hatch" only "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at

---

seemingly have nothing to do with the validity of his conviction or the duration of his confinement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8694 DMG (PVC)                           Date:  October 5, 2020

Title        Travis D. Arnold v. Felipe Martinez, Jr., Warden

959.  For a "claim to be a legitimate § 2241 petition," both requirements must be satisfied.  *Muth v. Fondren*, 676 F.3d 815, 819 (9th Cir. 2012).

"In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614, 623 (1998): To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.  Actual innocence means factual innocence, not mere legal insufficiency."  *Muth*, 676 F.3d at 819 (internal quotation marks, parallel citations and brackets omitted); *see also Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) (a claim of actual innocence for purposes of the § 2255 escape hatch is tested under the *Bousley* standard).  The mere assertion that a petitioner is actually innocent, without the introduction of "evidence tending to show that he did not commit the [acts] underlying his convictions," is insufficient to satisfy the standard.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").  Alternatively, a petitioner may state a claim of actual innocence "when he was convicted for conduct not prohibited by law."  *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011).

Petitioner summarily asserts that he is "'actually innocent' & that the conviction & sentence is [sic] in direct violation of the U.N. treaty against illegal & unconstitutional pendency of criminal charges."  (Petition at 1).  This bald, unsupported assertion does not state an actual innocence claim.  Plaintiff does not allege facts -- much less provide evidence -- showing that he did not actually commit the bank robbery for which he was convicted.  At most, Petitioner may be alleging that the government's evidence was insufficient to sustain a conviction, which merely challenges the legal sufficiency of the conviction.  (*Id.* at 2-3).  Nor does he cite any new authorities that would render his conviction for bank robbery unlawful.  Petitioner's failure to assert a claim of factual innocence appears, by itself, to bar the Petition from qualifying for the § 2255 escape hatch.  *Muth*, 676 F.3d at 819 (availability of § 2255 escape hatch foreclosed where petition fails to make plausible showing of actual innocence).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8694 DMG (PVC)                                         Date:  October 5, 2020

Title        Travis D. Arnold v. Felipe Martinez, Jr., Warden

However, even if Petitioner had plausibly shown that he is factually innocent, he has not established that he did not have "an unobstructed procedural shot" to present his claims.  To determine whether a petitioner had an unobstructed procedural shot to pursue his claim, a court asks: "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after the first § 2255 motion." *Harrison*, 519 F.3d at 960.  "For a change in law to be relevant to petitioner's earlier conviction or sentence, it must apply retroactively."  *Gibbs v. United States*, 2016 WL 413215, at *1 (C.D. Cal. Jan. 31, 2016); *see also Alaimalo*, 645 F.3d at 1047 ("An intervening court decision must 'effect a material change in the applicable law' to establish unavailability.") (quoting *Harrison*, 519 F.3d at 960).  To demonstrate that a petitioner lacked an unobstructed procedural shot, "it is not enough that the petitioner is presently barred from raising his claim . . . by motion under § 2255.  He must never have had the opportunity to raise it by motion." *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003).

To the extent that the Petition can be construed to raise any cognizable habeas claims at all, the legal basis for the claims existed long before Petitioner's first § 2255 motion was filed and decided.  Indeed, Petitioner actually asserted an insufficiency of the evidence claim in first § 2555 Motion to Vacate, similar to his claim in Ground Two. (*See* Dkt. No. 80 at 13).  Petitioner does not cite to any subsequent change in the law to support his claims.  Because it appears that Petitioner had the opportunity to raise his claims in a § 2255 motion -- an "unobstructed procedural shot" -- he does not qualify for § 2255's escape hatch for this separate and independent reason.

Petitioner has not shown that he is factually innocent and that he never had the opportunity to raise his claims in the District Court.  Accordingly, the Petition must be construed as a § 2255 motion, not a habeas petition under § 2241, and, as such, it must be brought in the jurisdiction of the sentencing court, which is the Middle District of North Carolina.  *See Hernandez*, 204 F.3d at 865.

### B.   <u>The Petition Appears Successive</u>

Because Petitioner has already filed a § 2255 motion, the Petition, construed as a § 2255 motion, appears to be successive. (*See* Dkt. Nos. 80 & 86 (original and amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 20-8694 DMG (PVC) | Date: October 5, 2020 |
| Title | Travis D. Arnold v. Felipe Martinez, Jr., Warden | |

§ 2255 motions to vacate); Dkt. Nos. 115 & 116 (order and judgment denying § 2255 motion as amended)). "A petitioner is generally limited to one motion under § 2255." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). "A prisoner may not bring a second or successive § 2255 motion in district court unless 'a panel of the appropriate court of appeals' certifies that the motion contains: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Harrison*, 519 F.3d at 955 (quoting 28 U.S.C. § 2255(h)). The record does not reflect that Petitioner sought or obtained permission from the Fourth Circuit to file this instant § 2255 motion. Accordingly, unless and until Petitioner obtains such authorization, no district court has jurisdiction to hear his claims.[6]

Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **twenty-one (21) days** of the date of this Order, why this action should not be dismissed for lack of jurisdiction. **Petitioner may satisfy this Order by filing a declaration, signed under penalty of perjury, setting forth any reason why the Petition: (1) qualifies for the**

---

[6] The Court notes that the instant action also appears to be grossly untimely. Petitioner was convicted on December 22, 2008, (Dkt. No. 48), and the Fourth Circuit Court of Appeals affirmed his conviction and sentence on May 13, 2010. (Dkt. No. 76). The conviction became "final" ninety days later, on August 11, 2010, and the one-year statute of limitations began to run. *See* 28 U.S.C. § 2255(f)(1) (a prisoner must bring a § 2255 motion to vacate within one year of the date on which the judgment of conviction becomes final); *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); Sup. Ct. R. 13(1) (a petition for a writ of certiorari seeking review of a judgment of a United States court of appeals must be filed within 90 days after the court of appeals' decision issues). Accordingly, absent sufficient equitable tolling, to which Petitioner has not shown an entitlement, the statute of limitations expired on August 11, 2011, approximately nine years before Petitioner filed this action. However, because the Court's lack of jurisdiction over Petitioner's claims appears dispositive of this action, it is not necessary to address or resolve the timeliness issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-8694 DMG (PVC)                                                    Date:  October 5, 2020

Title       Travis D. Arnold v. Felipe Martinez, Jr., Warden

**escape hatch of 28 U.S.C. § 2255(e), and (2) is not successive.  This Order is not dispositive of any claim but only gives notice to Petitioner of what the Magistrate Judge may recommend to the District Judge.**

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.**  *See* **Fed. R. Civ. P. 41(b).**  Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  **A form Notice of Dismissal is attached for Petitioner's convenience.**

The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |